KAREN D. MAHER (CA Bar No. 205533)
*kmaher@cohen-lord.com*
COHEN & LORD, a P.C.
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
Telephone:   (310) 691-2200
Facsimile:   (310) 691-2201

LANCE G. JOHNSON (*pro hac vice*)
*ljohnson@roylance.com*
ROYLANCE, ABRAMS, BERDO & GOODMAN, L.L.P.
1300 19th Street, NW, Suite 600
Washington, D.C.  20036
Telephone:   (202) 659-9076
Facsimile:   (202) 659-9344

Attorneys for HUBBELL INCORPORATED

SCOTT R. MILLER (CA Bar No. 112656)
*smiller@cblh.com*
CONNOLLY BOVE LODGE & HUTZ LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone:   (213) 787-2510
Facsimile:   (213) 687-0498

RODGER D. SMITH II (*pro hac vice*)
*rsmith@mnat.com*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, 18th Floor
Wilmington, DE 19899-1347
Telephone:   (302) 658-9200
Facsimile:   (302) 498-6209

Attorneys for ACUITY BRANDS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HUBBELL INCORPORATED, a Connecticut corporation, | CASE NO. CV 07-06760 CAS (JWJx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | TRIAL DATE:      None |
| ACUITY BRANDS, INC., a Delaware corporation, | **NOTE CHAGES MADE BY THE COURT** |
| Defendant. | |

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

1  WHEREAS, Plaintiff Hubbell Incorporated and Defendant Acuity Brands,
2  Inc. recognize that pursuant to discovery or otherwise during discovery or otherwise
3  in the conduct of the above titled litigation (the "Action"), certain trade secret,
4  proprietary, confidential, business, financial, and commercially sensitive
5  information within the meaning of Rule 26(c) of the Federal Rules of Civil
6  Procedure may be disclosed;

7  WHEREAS, this Action involves, *inter alia*, (a) highly confidential,
8  technical, proprietary and trade secret subject matter and (b) highly sensitive and
9  confidential financial, business and marketing information; and

10  WHEREAS, the unrestricted disclosure of such trade secret, proprietary,
11  confidential, business, financial and commercially sensitive information would be
12  extremely prejudicial to the parties and compromise their respective competitive
13  positions or subject them to liability under existing agreements; therefore, the parties
14  have determined that said information should be kept confidential in order to protect
15  the legitimate business interests of the parties and their customers, business partners,
16  and other non-parties to this action;

17  The parties, by and through their respective undersigned counsel, hereby
18  stipulate to, and request that the Court enter, the following Protective Order pursuant
19  to Federal Rule of Civil Procedure 26(c).

20  Good cause appearing:

21  IT IS HEREBY ORDERED that this Protective Order pursuant to Rule 26(c)
22  of the Federal Rules of Civil Procedure be, and is hereby, entered.

23  1.  <u>Right to Designate</u>.  Any party to this Action, and any non-party from
24  whom discovery is sought in connection with this Action who agrees to be bound by
25  the procedures of this Protective Order, may designate as "Confidential" or "Highly
26  Confidential" any "Protected Information," which is defined herein as any
27  information, document, testimony, thing, data, file, or other information that
28  contains proprietary, confidential, business, financial or commercial information, the

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA 90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

2

[PROPOSED] STIPULATED PROTECTIVE ORDER

disclosure of which is likely to cause harm to the competitive position of the party making the designation, or that constitutes, reflects, or concerns trade secrets, know-how or proprietary data.  Such designation may be made by any party to this Action or by any non-party who agrees to be bound by the procedures of this Protective Order (the "Designator").  "Designator" as used herein refers to any party or non-party who makes a designation pursuant to this Protective Order.

2.      <u>Confidential Designation</u>.  "Confidential" and "Highly Confidential," as used in this Protective Order, shall refer to any information, document, testimony, or other discovery material designated in accordance with this Protective Order and all copies thereof, and shall also refer to the information contained in such material. By designating material "Confidential" or "Highly Confidential," the Designator is representing that it believes in good faith that the designated material is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. "Confidential" material includes any information, document, testimony or other discovery material that contains proprietary, confidential and/or commercially sensitive information.  "Highly Confidential" material includes any information, document, testimony, or other discovery material that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, or that contains any business, financial or commercial information and for which the designation as "Confidential" hereunder would not be sufficient because disclosure is likely to cause harm to the competitive position of the party making the designation.

3.      <u>Disclosure of "Confidential" or "Highly Confidential" Protected Information</u>.  Until or unless the Court rules otherwise, Protected Information designated as "Confidential" or "Highly Confidential" and copies, extracts, compilations and summaries thereof, as well as the information therein, shall be maintained in confidence by the party to whom such material is produced.  Protected Information designated "Confidential" or "Highly Confidential" shall not be disclosed or otherwise communicated to any person except:

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

3

[PROPOSED] STIPULATED PROTECTIVE ORDER

A.     "Confidential" and "Highly Confidential": ***Outside counsel for the parties*** who have appearances entered in the case for the parties, as well as the partners, associates, clerical, litigation support and paralegal employees of such counsel;

B.     "Confidential": ***Two (2) in-house counsel for each of Plaintiff and Defendant*** who are directly involved in, and whose access to materials and information designated "Confidential" is reasonably required for the management, prosecution, defense or settlement of this Action, or the supervision or oversight of outside litigation counsel and clerical support staff of such in-house counsel, provided that an executed undertaking in the form of Exhibit A hereto is provided to the other party ten (10) days prior to any disclosure of Protected Information to such in-house counsel or clerical staff, and provided further that the in-house counsel are attorneys who are members of a state bar and meet the requirements of Exhibit A;

C.     "Confidential" and "Highly Confidential": ***Consultants, and/or consulting firms*** for each of the parties, specifically engaged by counsel or the parties to assist in this Action, who have been properly designated in accordance with Paragraphs 5 and 6, including execution of an undertaking in the form of the attached Exhibit B;

D.     "Confidential" and "Highly Confidential": ***Vendors retained by a party or by counsel of record***, including:  graphics or design services retained for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings; copy services, companies that digitize documents, and other similar document management vendors; and jury research or trial consulting services.  Any such vendors shall first execute an agreement to be bound by the terms of this Protective Order in the form of Exhibit B.  Such agreement may be signed by an authorized agent on behalf of a vendor that is an entity; it need not be signed by each employee of a vendor performing services.  In addition, selected items containing Protected Information may be shown to persons selected to serve

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  as members of focus groups, mock juries or similar studies provided that such

2  persons are screened to ensure that they are not employed by or affiliated with

3  competitors of any of the parties hereto, and provided that such persons agree in

4  writing (although not necessarily in the form of <u>Exhibit B</u>) to keep confidential any

5  information disclosed to them during such studies;

6       E.     "Confidential" and "Highly Confidential": ***Translators of***

7  ***foreign language documents*** who are not permanently employed by one of the

8  parties, but are contractors retained to provide translations of any material

9  designated as "Confidential" or "Highly Confidential," said translators having

10  agreed to be bound by the provisions of the undertaking attached hereto as <u>Exhibit</u>

11  <u>B</u>, and having signed such undertaking;

12       F.     ***The Court***, pursuant to Paragraph 16 herein, and its officers,

13  court stenographers, and outside copy services used by the Court whose function

14  requires them to have access to material designated as "Confidential" or "Highly

15  Confidential"; and

16       G.     ***Any other person***, upon order of the Court, may have access to

17  "Confidential" and "Highly Confidential" information.

18       4.     <u>Disclosure of "Highly Confidential" Protected Information</u>.  Protected

19  Information designated as "Highly Confidential," and copies, extracts, compilations

20  and summaries thereof, may only be disclosed or otherwise communicated to the

21  persons identified in Paragraph 3 (subparagraphs A and C-G).

22       5.     <u>Consultant Defined</u>.   For purposes of Paragraph 3.C herein, a

23  consultant shall be defined as a person, and his or her secretarial assistants to whom

24  it is necessary to disclose "Confidential" or "Highly Confidential" information for

25  the purposes of this litigation, who is neither an employee of a party nor anticipated

26  to become an employee, and who is retained solely as a bona fide consultant or

27  expert for purposes of this litigation, whether full or part time, by or at the direction

28  of counsel for a party.

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

5

[PROPOSED] STIPULATED PROTECTIVE ORDER

1      6.    <u>Procedure For Consultant Access To Confidential Information</u>.  The

2    procedure for having a consultant approved for access to information designated as

3    "Confidential" or "Highly Confidential" shall be as follows:

4        A.    The party seeking to have a consultant, as defined in Paragraph 5

5    herein, approved shall send counsel for all other parties by electronic transmission

6    or facsimile:

7        i.    a current resume or curriculum vitae of such person, which

8    shall include such person's name, office and residence addresses; a description of

9    any past or present relationship with any of the parties in this action; an

10    identification of cases and clients on behalf of whom such person has consulted,

11    provided affidavits or declarations, or testified in deposition or trial in the preceding

12    four years; and a description of other past and present employers and persons or

13    entities with whom the consultant has been engaged in any non-confidential

14    consulting relationships in the last ten years; and

15        ii.    a copy of a completed and signed declaration attached

16    hereto as <u>Exhibit B</u>.

17        B.    Within ten (10) days after transmission of the information and

18    signed undertaking described in subparagraph A of this Paragraph by the party

19    seeking approval, the other party may object to the person proposed for approval if

20    facts available to that party give it reason to believe that there is a reasonable

21    likelihood that the designated person may, even inadvertently, use information

22    designated "Confidential" or "Highly Confidential" for purposes other than the

23    preparation for trial of this case, or request further information concerning the expert

24    in order to decide whether to object.  Said objection or request must be in writing

25    and transmitted by facsimile or email to the party proposing the consultant within

26    the 10-day period.  A written objection made under this Paragraph shall state with

27    reasonable particularity the grounds upon which the objection is based.  Failure to

28    object or to request further information within ten (10) days to a person proposed

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

6

[PROPOSED] STIPULATED PROTECTIVE ORDER

1 shall be deemed approval, but shall not preclude a party from seeking an Order from
2 the Court to preclude continued access to "Confidential" or "Highly Confidential"
3 information by that person where facts suggesting a basis for objection are
4 subsequently learned by the party or its counsel.  A party seeking to have a
5 consultant approved shall not disclose any information designated as "Confidential"
6 or "Highly Confidential" to the proposed consultant until (i) after any and all
7 objections to the proposed disclosure have been resolved by the parties in writing or
8 by Court order, or (ii) if no objections have been made during the ten (10) day
9 period to object, until eleven (11) days after the transmission of the information and
10 signed declaration described in subparagraph A of this Paragraph by the party
11 seeking approval.

12      C.    If the other party so objects, the parties shall, within five (5) days
13 from the date of receipt of the objection or request, confer and attempt to resolve the
14 dispute.  At that conference the objecting party shall inform the party requesting
15 approval of its reasons for objecting to the proposed consultant or for seeking
16 further information.  If the parties cannot resolve the dispute, or if the conference
17 does not take place, disclosure of the "Confidential" or "Highly Confidential"
18 information may not be made except by order of the Court.  The parties agree that
19 the party opposing disclosure shall file a motion for protective order with the Court
20 within fifteen (15) days from the date of receipt of the objection.

21      7.    <u>Procedure For Access To Confidential Information Other Than By
22 Consultants and the Court</u>.  All persons listed in Paragraph 3 above may be given
23 access to information designated as "Confidential," provided that they first confirm
24 their understanding and agreement to abide by the terms of this Protective Order by
25 completing and signing a copy of the declaration attached hereto as Exhibit A or B,
26 as appropriate.  Similarly, all persons listed in Paragraphs 3 (subparagraphs A and
27 C-G) may be given access to information designated as "Highly Confidential,"
28 provided that they first confirm their understanding and agreement to abide by the

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA 90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

7

[PROPOSED] STIPULATED PROTECTIVE ORDER

terms of this Protective Order by completing and signing a copy of the declaration attached hereto as Exhibit A or B, as appropriate.

8.    Access to "Confidential" and "Highly Confidential" Information. Information designated as "Confidential" or "Highly Confidential" shall be used solely in connection with and for purposes of this litigation between the parties and shall not be disclosed to any person other than persons qualified under Paragraph 3. It is understood, however, that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated as "Confidential" or "Highly Confidential" produced by the opposing party provided that such rendering of advice and opinions shall not directly or indirectly reveal the content of such information except by prior agreement with opposing counsel.

9.    Designation as Protected Information:  How Made.  No designation of documents or things shall be effective unless there is placed or affixed on such material a "Confidential" or "Highly Confidential" marking as required herein, except as provided for in Paragraph 10.  The designation of information or material as "Confidential" or "Highly Confidential" for purposes of this Protective Order shall be made in the following manner:

A.    The Designator shall affix the legend "Confidential" or "Highly Confidential," as appropriate, to each page of any document containing such information at the time such documents are produced, or as soon thereafter as the Designator becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.  All documents produced from hard copy that the Designator deems "Confidential" or "Highly Confidential" shall be so marked by the Designator in accordance with this subparagraph, even if produced in the form of electronic images.

B.    In the case of documents produced on magnetic, optical or other encoded media (except for images of hard copy documents), the Designator shall affix the legend "Confidential" or "Highly Confidential," as appropriate, on the

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

8

[PROPOSED] STIPULATED PROTECTIVE ORDER

outside of the storage medium (e.g., the magnetic disk enclosure or optical disk), as well as each individual image or document stored on the media.  A recipient party desiring to make electronic copies of such media or portions thereof shall – if permitted to make such copies under the terms of this Protective Order – affix the same designation on the copy as exists on the original, produced medium.  A party desiring to make a "hard copy" of all or a portion of the contents of information or documents stored electronically – if permitted to make such copies under the terms of this Protective Order – shall place on each page of such hard copy the same designation as is applicable to the electronically stored copy.

C.     In the case of transcripts or recordings of depositions in this Action, counsel for the Designator may state on the record during such deposition that the entire transcript or a portion thereof shall be designated as "Confidential" or "Highly Confidential," as appropriate; or may give written notice of such designation sent to all parties within ten (10) business days after the transcript or recording is sent to counsel by the court reporter.  If no such designation is made at the time of the testimony or other proceeding, the parties shall treat all transcripts and recordings of testimony and proceedings as "Highly Confidential" hereunder until the expiration of ten (10) business days after the transcript or recording is sent to counsel by the court reporter.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written agreement, without further order of the Court.  If any document or material designated as "Confidential" or "Highly Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such document or material shall be stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

D.     In the case of pleadings, briefs, memoranda, exhibits, written discovery responses, or other documents prepared in this Action for the purpose of

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

9

[PROPOSED] STIPULATED PROTECTIVE ORDER

discovery or court proceedings, Counsel shall affix the legend "Confidential" or "Highly Confidential," as appropriate, to each page of any document containing any such material at the time such documents are served or filed, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.

10.   Designation With Respect to Original Documents.   Notwithstanding the above provisions, in the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection.   Only those persons qualified under Paragraph 3 for access to information designated as "Highly Confidential" may be permitted to inspect such original documents or other material on behalf of the inspecting party.   After selection by the inspecting party of specified documents or material for copying, the recipient party shall make the appropriate copies, and the producing party shall place the appropriate confidentiality designations on the specified documents or materials prior to providing the copies to the recipient party.

11.   Inadvertent Production of Protected Information.   If a party inadvertently produces any trade secret or other confidential information without designating it as Protected Information, the recipient may disclose such information to others until the recipient party is notified or becomes aware of the error, unless it is obvious from the face of the document that it contains trade secret or other confidential information that the producing party intended to keep secret.   If the producing party notifies the recipient in writing of an inadvertent failure to designate information as Protected Information, the recipient will thereafter treat such information as if it had been so designated when produced and will make a good faith effort to secure the prompt return of all copies of documents containing such information that it distributed or disclosed to persons not authorized to have access to such information under this Protective Order, as well as any copies made by such persons.

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

10

[PROPOSED] STIPULATED PROTECTIVE ORDER

12. <u>Use By Witness Who Received Or Authored</u>.   Notwithstanding Paragraph 3 herein, any person may be examined as a witness at trial or during a deposition concerning any information designated as "Confidential" or "Highly Confidential" which that person had authored or been clearly identified as an addressee or copy recipient prior to and apart from this action.   In addition, regardless of a designation of information as "Confidential" or "Highly Confidential" pursuant to this Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such person insofar as counsel does not reveal any portion of the document or testimony other than that which specifically refers to such conduct or statement.

13. <u>Designation: How Challenged</u>.   The propriety of a designation of Protected Information may be challenged at any time, and failure to object to a designation of Protected Information shall not constitute an admission that the information constitutes or incorporates a trade secret or other confidential information of the Designator within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.   If a party desires to challenge a designation of Protected Information, the party shall confer with the Designator and seek to resolve the issue. If the dispute is not thereby resolved, the challenging party may apply to the Court for relief and shall bear the burden of proving that the information was improperly designated.   A party who challenges a designation by another party may move the Court to order a lower designation, e.g., from "Highly Confidential" to "Confidential," or removal of a "Confidential" or "Highly Confidential" designation altogether from any material.   The non-designating party shall bear the burden of establishing the impropriety of the given designation.

14. <u>Limitations on Use of Protected Information</u>.   No recipient of Protected Information shall use such information for any purpose other than in connection with this Action, including any appeals, and not for any other purpose, and such

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

information shall not be disclosed to anyone except as provided herein, by further written agreement of the parties, or by further order of the Court.  All "Confidential" and "Highly Confidential" information exchanged between the parties in this Action, whether designated under provisions of this Protective Order or not, shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal, or other purpose.

15.   <u>Protected Information Sought by Third Parties</u>.   If any party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal process by one not a party to this action, seeking information or material that was produced in this action and designated as Protected Information by someone other than that party, the party that received such subpoena, demand or process shall (i) object to its production to the extent permitted by law, setting forth the existence of this Protective Order; (ii) within three (3) business days after receipt thereof, or the earliest practicable date thereafter, give written notice by hand or facsimile of such process or discovery request together with a copy thereof, to counsel for the producing party; (iii) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and (iv) not make production or disclosure of such confidential information until the producing party consents in writing to production or the receiving party is ordered or compelled by a court, U.S. or foreign government agency, or administrative body of competent jurisdiction to produce or disclose such confidential information, so long as the order is not stayed prior to the date set for production or disclosure.  Nothing herein shall be construed as requiring any party or other person subject to this Protective Order to challenge or appeal any order requiring production of Protected Information or subject itself to any penalties for noncompliance with any legal process or order.  Compliance with such other legal process or order by a person or party who has otherwise complied with the provisions of this Paragraph will not be a violation of this order.

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA 90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

12

[PROPOSED] STIPULATED PROTECTIVE ORDER

16.     <u>Court Filings</u>.  Pursuant to Local Rule 79-5, when material designated as or containing Protected Information (including but not limited to documents, interrogatory responses, responses to requests for admission, deposition transcripts, or other information) is incorporated in or filed with pleadings, motions or briefs or filed as evidence (including as exhibits to legal memoranda), the party seeking to submit such Protected Information shall file a written application and a proposed order with the judge along with the designated Protected Information for filing under seal.  The proposed order shall address both the sealing of the application and order itself, if appropriate.  The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope, and marked with a statement substantially in the following form:

**CONFIDENTIAL UNDER PROTECTIVE ORDER**
**CASE NO. CV 07-06760 CAS (JWJX)**
**THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY**
**THE COURT.  THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE**
**CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED**
**EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER.**

Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5.   A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.

Pursuant to Local Rule 79-5.2, no sealed or confidential record of the Court maintained by the Clerk of the Court shall be disclosed except upon written order of the Court.

If any party fails to file Protected Information under seal, the Designator or any party to this Action may request that the Court place the Protected Information under seal within thirty (30) days of the filing of the Protected Information.  The Clerk of the Court is directed to comply with such request if made and an order accompanying the motion is granted.

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA 90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

13

[PROPOSED] STIPULATED PROTECTIVE ORDER

17.   <u>Exclusions from Protected Information</u>.  This Protective Order shall not apply to information or material that:  (a) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order or other fault of the recipient; (b) is acquired by the nondesignating party from a third party not owing a duty of confidentiality to the Designator; (c) before receipt from the Designator, was lawfully possessed by the nondesignating party without a duty of confidentiality to the Designator; (d) is disclosed by the Designator to a third party not owing a duty of confidentiality to the Designator; (e) is independently developed by the recipient; (f) is disclosed under operation of law without confidentiality or disclosure provisions after prior notice to the Designator; (g) was disclosed to the nondesignating party by the Designator prior to entry of this Protective Order without a duty of confidentiality to the Designator; or (h) is disclosed by the recipient with the Designator's prior written approval.

18.   <u>Consent to Jurisdiction</u>.  All persons who have access to Protected Information under this Protective Order shall be bound by this Protective Order and shall be subject to the jurisdiction of this Court for purposes of enforcing this Protective Order.

19.   <u>Patent Prosecution Bar</u>.  Any attorney for or representing Plaintiff or Defendant, who obtains, receives, has access to, or otherwise learns, in whole or in part, information designated "Highly Confidential" under this Protective Order shall not prepare, prosecute, supervise, or assist in the prosecution of any patent application, or participate in any way in any reissue or reexamination proceedings with the United States Patent and Trademark Office ("USPTO") or any similar proceeding with any foreign patent office with respect to any patent application, claiming the subject matter disclosed in the patents-in-suit within two (2) years from disclosure of the technical information or one (1) year after conclusion of the litigation, including any appeals, whichever period is longer.  To ensure compliance with the purpose of this provision, attorneys for Plaintiff and Defendant shall create

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

14

[PROPOSED] STIPULATED PROTECTIVE ORDER

an ethical wall between those persons with access to information designated "Highly Confidential" and those individuals who prepare, prosecute, supervise, or assist in the prosecution of any patent application claiming the subject matter disclosed in the patents-in-suit.

20.   <u>Application to Third Parties</u>.  Any third party who is subpoenaed to produce documents and/or deposition testimony in this matter may designate such materials as "Confidential" or "Highly Confidential" under the terms of this Protective Order.

21.   <u>No Admission</u>.  Entering into, agreeing to, or otherwise complying with the terms of this Protective Order, and/or producing or receiving Protected Information under this Protective Order, shall not:

A.   Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information;

B.   Prejudice in any way the right of any party to object to the production of documents they consider not subject to discovery, whether on grounds of privilege or otherwise;

C.   Prejudice in any way the right of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence;

D.   Prejudice in any way the right of any party to seek a determination by the Court as to whether any information or material should be subject to the terms of this Protective Order;

E.   Prejudice in any way the right of any party to petition the Court for a further protective order relating to any purportedly confidential information;

F.   Prevent the parties to this Protective Order and/or any third party who designates material as "Third Party Confidential" from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

provisions or protections provided for herein with respect to any particular information or material.

22.   No Application to Party's Own Information.   This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.   Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

23.   Information Subject to Nondisclosure Agreements.   In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Protective Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of:   (a) the existence of the information without producing such information, and; (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations).   The party who seeks discovery may then make further application to the non-party or seek other means to obtain such information, including, without limitation, the filing of a motion to compel in this Action.

24.   Inadvertent Production of Privileged Information.   If a party inadvertently produces a document that it later discovers to be a privileged document (i.e., a document covered by the attorney-client, work-product doctrine, common interest doctrine, or other applicable privilege), the production of that document shall not be deemed to constitute the waiver of any applicable privilege. In such circumstances, the producing party must immediately notify the receiving party in writing of the inadvertent production and request the return or confirmed destruction of the privileged materials.   Within ten (10) days after receiving such

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

16

[PROPOSED] STIPULATED PROTECTIVE ORDER

notification, the recipient party shall either:  (a) return or confirm destruction of all such materials, including any summaries thereof; or (b) apply to the Court for a ruling that the document is not in fact privileged.  In any application to the Court under this Paragraph, the allegedly privileged document may, as appropriate, be disclosed for in camera inspection by the Court, but pending the Court's ruling, may not otherwise be used.   If the Court does not grant the application, then the privileged document(s) shall be returned or destroyed as provided herein.

25.   <u>All Forms of Discovery</u>.  The terms of this Protective Order shall apply to all manner and means of discovery, including, without limitation, entry onto land or premises, and inspection of books, records, documents, and tangible things, regardless of whether such is produced or served formally or informally.

26.   <u>Modification / Trial</u>.  It is the intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial proceedings in this action, subject to court approval.   Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court upon notice to the other parties hereto and upon a showing of good cause.  If this case proceeds to trial, the parties shall meet and confer on the procedures necessary to protect the confidentiality of any documents, information and transcripts used in Court during trial.

27.   <u>Effective Before Entry</u>.  The parties agree to be bound by the terms of this Protective Order once it is signed by all the parties hereto pending its entry by the Court, or pending the entry by the Court of an alternative hereto, and any violation of its terms during such pendency shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

28.   <u>Return or Destruction of Protected Information Upon Completion of the Case</u>.  Absent written agreement of the parties or further order of the Court, the provisions of this Protective Order shall continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

17

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    Within sixty (60) days after receiving notice of the entry of an order, judgment or

2    decree finally disposing of this action, including any appeals therefrom, all persons

3    having received information or material designated as Protected Information

4    hereunder shall return such materials and all copies thereof (including summaries

5    and excerpts) to counsel for the producing party, or shall certify destruction thereof;

6    provided, however, that outside counsel of record for each party shall be entitled to

7    retain court papers, deposition and trial transcripts, and attorney work product

8    (including court papers, transcripts, and attorney work product that contain

9    information or material designated by another party as Protected Information).  If

10    outside counsel does retain information or material so designated by another party, it

11    shall not disclose any such information or material to any other person or entity or

12    use any such information or material for any purpose except pursuant to a further

13    written agreement with the Designator or pursuant to a court order or similar legal

14    process.  All materials returned to the parties or their counsel by the Court likewise

15    shall be disposed of in accordance with this Paragraph.  The Court and its personnel

16    shall not be subject to the provisions of this stipulated order.

17

18    / / /

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

18

[PROPOSED] STIPULATED PROTECTIVE ORDER

1 | / / /

2 | / / /

3 |      29.   <u>Survival of Order</u>.  This Protective Order shall remain in full force and

4 | effect after the termination of this Action, or until canceled or otherwise modified by

5 | Order of this Court.

6 | Dated: December 8, 2008        COHEN & LORD, a P.C.

7 |

8 |

9 |                                  BY: _____/s/_____

                                        KAREN D. MAHER

10 |

11 |                                      LANCE G. JOHNSON

                                     ROYLANCE, ABRAMS, BERDO &

                                     GOODMAN, L.L.P.

12 |                                      Attorneys for HUBBELL INCORPORATED

13 |

14 | Dated: December 8, 2008        CONNOLLY BOVE LODGE & HUTZ LLP

15 |

16 |

17 |                                    BY: _____/s/_____

                                        SCOTT R. MILLER

18 |

19 |                                      RODGER D. SMITH II

                                     MORRIS, NICHOLS, ARSHT &

20 |                                      TUNNELL LLP

21 |                                      Attorneys for ACUITY BRANDS, INC.

22 |                                          **ORDER**

23 |      Having reviewed the foregoing Stipulated Protective Order, and good cause

24 | having been shown therefore, IT IS SO ORDERED.

25 |

26 | DATED: <u>December 10, 2008</u>      _____/s/_____

27 |                                The Honorable Jeffrey W. Johnson

                               United States Magistrate Judge

28 |

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA 90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

19

[PROPOSED] STIPULATED PROTECTIVE ORDER

Exhibit A

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HUBBELL INCORPORATED, a Connecticut corporation, | CASE NO. CV 07-06760 CAS (JWJx) |
| Plaintiff, | **UNDERTAKING OF** |
| v. | **[IN-HOUSE COUNSEL]** |
| ACUITY BRANDS, INC., a Delaware corporation, | |
| Defendant. | |

I, [name], am [in-house counsel title] for [party] and am directly involved in the above-captioned lawsuit.  I hereby acknowledge that I am about to receive Protected Information as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

I agree that I will continue to abide by all of the terms of the Protective Order and, in particular, will continue to maintain the confidentiality of all Protected Information received pursuant to the Protective Order.  I also agree that I will avoid any circumstances in which my ability to abide by my obligations under the Protective Order would be compromised.  At least ten (10) days prior to making any such change of position, I shall provide written notice to all parties in these Actions of such change, including the nature of the position I will be assuming, the responsibilities of that position and the employer with whom I will be taking that position.

I certify my understanding that the Protected Information is being provided to

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

20

[PROPOSED] STIPULATED PROTECTIVE ORDER

me pursuant to the terms and restrictions of the Protective Order and that I have been given a copy of and have read and understood my obligations under that Protective Order.  I hereby agree to be bound by the terms of the Protective Order.  I understand that the Protected Information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.  I also understand that neither I nor anyone assisting me can use or rely on any Protected Information disclosed to me for any purpose not authorized under the Protective Order.

I will return on request all materials containing Protected Information, copies thereof and notes that I have prepared relating thereto to outside trial counsel for the party by whom or on whose behalf I am retained or I will destroy those materials.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____

Name: _____

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA  90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

21

[PROPOSED] STIPULATED PROTECTIVE ORDER

Exhibit B

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HUBBELL INCORPORATED, a Connecticut corporation, | CASE NO. CV 07-06760 CAS (JWJx) |
| Plaintiff, | |
| v. | **UNDERTAKING OF** |
| | **[CONSULTANT]** |
| ACUITY BRANDS, INC., a Delaware corporation, | |
| Defendant. | |

I, [name], having been retained by [party] in connection with the above-captioned lawsuit, hereby acknowledge that I am about to receive Protected Information as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

I certify my understanding that the confidential material is being provided to me pursuant to the terms and restrictions of the Protective Order and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I understand that the Protected Information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material. I also understand that neither I nor anyone assisting me can use or rely on any Protected Information disclosed to me for any purpose not authorized under the Protective Order.

I will return on request all materials containing Protected Information, copies thereof and notes that I have prepared relating thereto to outside trial counsel for the party by whom or on whose behalf I am retained or I will destroy those materials.

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA 90067-2328
(310) 691-2200

HUBBIN10.001/177686.1

22

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    I hereby submit to the jurisdiction of this Court for the purpose of
2  enforcement of the Protective Order and waive any and all objections to jurisdiction
3  and venue.

4    I declare under penalty of perjury that the foregoing is true and correct.

5

6

7

8  Dated: _____          _____

9                                          Name: _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices
COHEN & LORD
A Professional Corporation
1801 Century Park East, Suite 2600
Los Angeles, CA 90067-2328
(310) 691-2200

HUBBIN10.001/177686.1                          23
                                    [PROPOSED] STIPULATED PROTECTIVE ORDER